```
 1  5
    JAN P. JOHNSON
 2  Standing Chapter 13 Trustee
    Kristen A. Koo, State Bar #230856
 3  Karin M. Bruce, State Bar #292245
    P. O. Box 1708
    Sacramento, California 95812-1708
 4  (916) 239-6666
    pobox1708@jpj13trustee.com
 5
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| IN RE: | ) | Case No: 15-20819-A-13J |
|---|---|---|
|  | ) | DC No.: JPJ-1 |
| RAMON R. CRUZ, | ) | **TRUSTEE'S OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN** |
|  | ) | DATE: MARCH 30, 2015 |
|  | ) | TIME: 1:30 P.M. |
| Debtor(s) | ) | COURTROOM: 28 |

JAN P. JOHNSON, CHAPTER 13 TRUSTEE, objects to confirmation of the Debtor(s) Plan and does not recommend its confirmation as:

1. The debtor is delinquent to the trustee in the amount of $844.00 which represents approximately 1.1 plan payments. Before this matter is heard, an additional plan payment in the amount of $800.00 will also be due. The debtor does not appear to be able to make the plan payments proposed. The debtor has failed to carry his burden of showing that the plan complies with 11 U.S.C §1325(a)(6).

2. The plan does not comply with 11 U.S.C §1325(b)(1)(B) as the debtor's projected disposable income is not being applied to make payments to unsecured creditors as the debtor is taking incorrect deductions. If these expenses are disallowed, the Trustee calculates that Line 45 would show Monthly Disposable Income of $2,317.51 and the Debtor must pay $139,050.60 to general unsecured creditors. The Debtor proposed 25% or approximately $12,413.65 to be paid to unsecured creditors. The following incorrect deductions are being taken:

    a. Line 6 of Form22C-1: The debtor includes an ordinary and necessary operating expense in the amount of $1,473.00. This amount includes the debtor's mortgage payment that is already listed on Line 33d for Onewest Bank in the amount of $1,310.00. This expense is being double deducted which is incorrect. It should only be taken at Line 33.

    b. Line 23: The debtor includes an optional telephone and telephone services in the amount of $351.00. This amount is from the debtor's Schedule J for the debtor's telecommunications package. Line 23 states not to include payments for basic home telephone, internet and cell phone service. The debtor has failed to demonstrate that this amount is reasonable and necessary.

    c. Line 43b: the debtor is claiming a deduction for special circumstances in the amount of $405.00 for excess educational expense for children. The debtor failed to demonstrate that the additional amount claimed is reasonable and there is no other practical alternative by providing the Trustee with additional evidence to support this expense.

///

///

2

3. The debtor has claimed his interest in real properties, miscellaneous household décor, pictures, wearing apparel, jewelry, firearms for debtor's employment, various sports equipment, term life insurance, 457 qualified deferred compensation accounts, 403(b) qualified deferred compensation account, automobiles, timeshare, cash on hand, checking and savings, and household goods and furnishings as exempt under C.C.P. §703.140(b). According to the Statement of Current Monthly Income (Form 22C), the debtor is married. The debtor's spouse is not a petitioner in this case. The debtor has failed to file a spousal waiver of right to claim exemptions pursuant to C.C.P. §703.140(a)(2). The exemptions provided under C.C.P. §703.140(b) are only applicable if both the husband and wife effectively waive in writing, the right to claim, during the period that this case is pending, the exemptions provided by the applicable exemption provisions of California Code of Civil Procedure, Chapter 4, other than those under C.C.P. §703.140(b).

The trustee shall file an Objection to the Debtor's Claim of Exemption which will be heard on April 27, 2015. If the trustee's Objection to Debtor's Claim of Exemption is sustained, the total value of non-exempt property in the estate would be $23,587.80. The total amount that will be paid to unsecured creditors is only $14,037.86. If the trustee's Objection to Debtor's Claim of Exemption is sustained, the plan will fail to comply with 11 U.S.C. §1325(a)(4).

4. The trustee is unable to fully assess the feasibility of the plan. According to Schedule J filed on January 6, 2015, the Debtor's monthly net income at line 23c is $249.99 however the Debtor proposes to make monthly plan payments in the amount of $800.00. The Debtor has failed to carry his burden of showing that the plan complies with 11 U.S.C §1325(a)(6).

5. At the Meeting of Creditors on March 5, 2015, the Trustee requested the Debtor provide pay advices from his non-filing spouse. To date, the Debtor has failed to provide these

pay advices to the trustee. The Debtor has failed to cooperate with the trustee as necessary to enable the trustee to perform his duties as required pursuant to 11 U.S.C. §521(a)(3).

6. Although the debtor filed a plan on January 6, 2015, the debtor failed to utilize the mandatory form plan required pursuant to Local Bankruptcy Rule 3015-1(a), Form Number EDC 3-080-12, the standard form Chapter 13 Plan effective May 1, 2012. Without an approved plan on file, the Trustee cannot recommend confirmation.

7. The trustee objects to approval of debtor's attorney's fees in the amount of $6,350.00 in connection with plan confirmation. Pursuant to Local Bankruptcy Rule 2016-1, the maximum fee that may be charged is $4,000.00 in a nonbusiness case.

8. Feasibility of the plan depends on the granting of a motion to value collateral for Specialized Loan Servicing. Pursuant to Local Bankruptcy Rule 3015-1(j), the debtor must file, serve and set for hearing a valuation motion and the hearing on valuation must be concluded before or in conjunction with the confirmation of the plan. If a motion is not filed, or it is unsuccessful, the Court may deny confirmation of the plan. To date, the debtor has failed to file, set for hearing and serve on the respondent creditor and the trustee a stand-alone motion to value the collateral.

9. The trustee is unable to fully assess the feasibility of the plan. The debtor failed to provide the trustee with copies of payment advices or other evidence of income received within the 60 day period prior to the filing of the petition. The debtor has failed to comply with 11 U.S.C. §521(a)(1)(B)(iv).

10. The trustee is unable to fully assess the feasibility of the plan. According to Schedule I, the debtor's net income from rental property is $277.00 The debtor failed to file a detailed statement showing gross receipts and ordinary and necessary expenses.

1   WHEREFORE the trustee prays that the Court enter an order denying confirmation of
2   the debtor's plan.  The trustee consents to the Court's resolution of disputed material factual
3   issues pursuant to FRCivP 43(c) as made applicable by FRBP 9017.

Dated: MARCH 12, 2015

/s/ Kristen A. Koo
KRISTEN A. KOO, Attorney for Trustee

Case No: 15-20819-A-13J
RAMON R. CRUZ

5