GEOFFREY E. WIGGS (State Bar No. 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk Street, Suite # 350
San Mateo, Ca 94403-1171
Telephone: (650) 577-5952
Facsimile: (650) 577-5953
Geoff@Wiggslaw.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| In Re:<br><br>**RAMON R CRUZ,**<br><br>Debtor. | Case No. 2015-20819-A-13J<br>DC No. LGW-001<br><br>Chapter 13<br><br>**MOTION TO VALUE COLLATERAL;**<br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES**<br><br>Date: June 22, 2015<br>Time: 1:30 p.m.<br>Department: A<br>Courtroom: 28<br>Place:    501 I Street, 7th Flr<br>              Sacramento, Ca 95814 |

TO HONORABLE JUDGE MICHAEL S. MCMANUS, UNITED STATES BANKRUPTCY COURT, SACRAMENTO DIVISION:

**MOTION TO VALUE COLLATERAL**

Please take notice that the Debtor herein, **Ramon R Cruz**, moves the Court for an Order valuing his primary residence, commonly known as, and located at: <u>1613 Landmark Dr., Vallejo, CA 94591</u>, so as to strip the lien of Deutsche Bank National Trust Company.

1. The lien of second mortgage creditor, **Deutsche Bank National Trust Company** (hereinafter, "Lienholder"), is a wholly unsecured claim within the meaning of 11 United States Code ("USC") 506 as to Debtor Ramon R Cruz' ownership interest in the real property.

MOTION TO VALUE COLLATERAL                                                                                          - 1

2. This Motion is based on Federal Rule 3012, upon the Notice filed and service herewith, the Memorandum of Points and Authorities attached hereto; the Declaration of Debtor Ramon R Cruz, supporting exhibits hereto, as well as upon any oral or documentary evidence as may be presented at any hearing of the Motion.

## I.  FACTS

3. Among the assets at the commencement of this case was Debtor's real property, Assessor's Parcel Number (APN) **182-213-020**, commonly known as **1613 Landmark Dr., Vallejo, CA 94591,** and more fully described in **Exhibit "A"** attached to the Declaration Of Debtor In Support Of Motion To Value Collateral ("Decl") and incorporated herein by reference (the "Property"). The Property is Debtor's primary residence.

4. Title of the Property is vested in Ramon Raul Cruz and Renee Ducusin Cruz, husband and wife, as Joint Tenants.

5. In Schedules "A" and "D" of the Debtor's Schedules, the Property was valued at $508,810.00, which Debtor believes is the value of the Property.

6. Debtor's assessment of the value of the Property is based upon the market conditions at the time of the bankruptcy filing on December 22, 2014.

7. The property is encumbered by two (2) Deeds of Trust.

8. The First Deed of Trust was originally recorded in the principal amount of $515,000.00 on June 19, 2006 by LSI, a Division of Chicago Title Insurance Co., as trustee for beneficiary Mortgage Electronic Registration System, Inc. solely as nominee for Greenlight Financial Services as Instrument No. 200600076979 of the Official Records of Solano County. **Decl, Exhibit "B"**.
    a. The amount currently due and owing on the First Deed of Trust is $647,000.00. **Decl, Exhibit "C", p. 12.**
    b. The amount due and owing on the First Deed of Trust is $138,190.00 over the value of the Property in the Debtor's Schedules filed on January 6, 2015.

9. The Second Deed of Trust was originally recorded in the principal amount of $55,000.00 on June 19, 2006 by LSI, a Division of Chicago Title Insurance Co., as trustee for beneficiary Mortgage Electronic Registration System, Inc. solely as nominee

for Greenlight Financial Services as Instrument No. 200600076980 of the Official Records of Solano County. **Decl, Exhibit "D".**

    a. The amount currently due and owing on the Second Deed of Trust is as of the date of filing is $56,061.66. **Decl, Exhibit "E."**

10. Debtor's Motion seeks to value this Property at $508,810.00.
11. Debtor's Motion further seeks a determination that the Second Deed of Trust is wholly unsecured by the Property as the value of the Property is significantly less than the amount due to the First Deed of Trust.
12. Debtor's Motion seeks to strip the Second Deed of Trust in its entirety and have the Second Deed of Trust valued at zero (0) for purpose of the Debtors' Chapter 13 Plan.

## II. NOTICE

13. A Separate Notice of this Motion and of Opportunity for Hearing was served concurrently.
14. Notice in this matter is governed by Bankruptcy Local Rule 9014-1(f)(1) and 9014-1, *et. seq*. Any objection to the above proposed Motion must be (1) filed with the Clerk of the Court, located at United States Bankruptcy Court, Sacramento Division, 501 I St., Suite 3-200, Sacramento, CA 95814 San Francisco, CA 94104-2791; and (2) accompanied by any Declarations and/or Memorandum of Law that the requesting part wishes to present in support of its position, not later than fourteen (14) days from the date of hearing.
15. Pursuant to Bankruptcy Local Rule 9014-1(f)(1)(C), if an objection is timely filed the moving party may, at least seven (7) days prior to the date of the hearing, serve and file with the Court a written reply to any written opposition filed by a responding party.
16. Pursuant to Bankruptcy Local rule 9014-1(f)(1)(B), without good cause, no party shall be heard in opposition to a motion at oral argument if written opposition to the motion has not been timely filed.

Dated: <u>May 22, 2015</u>                         /s/ Geoffrey E. Wiggs
                                                                            GEOFFREY E. WIGGS
                                                                            ATTORNEY FOR DEBTOR

### III.  MEMORANDUM OF POINTS AND AUTHORITIES

17. Two creditors hold voluntary liens against the property: (1) a partially secured loan based on the First Deed of Trust; and (2) a wholly unsecured claim based on the Second deed of Trust, since the value of the Property is significantly less that the First Deed of Trust.

18. Pursuant to 11 USC Section 506(a) and 11 USC Section 506(d), Debtor herein moves the court to determine that the junior mortgage of Specialized Loan Servicing, LLC is wholly unsecured under 11 USC Section 506(a) so as to strip the lien in its entirety pursuant to 11 USC Section 506(d) and *In Re Lam* 211 BR 36, 40-42 (9th Cir.BAP 1997); *In Re Zimmer* 368 F.3d 1165, 1171-1172 (9th Cir. 2004), *cert. denied* 543 U.S. 1021, 125 S.Ct. 669 (2004), *Zimmer v PSB Lending Corporation* (*In re Zimmer*) 313 F3d 1220 (9th Cir.2002).

19. Debtor may testify regarding the value of the property he owns, and has done so through the Schedules and Plan. Fed. Rules of Evidence §701. See *So. Central Livestock Dealers. Inc. v. Security State Bank*. 614 F. 2d 1056. 1061 (5th Cir. 1998).

### IV.  CONCLUSION

20. Debtor prays the court value the Property at $508,810.00 as declared in Debtors' Chapter 13 Voluntary Petition and Debtors' Declaration in Support of this Motion.

21. Debtor further prays that the Court determine that the Second Deed of Trust in the principal amount of $55,000.00, originally recorded on June 19, 2006 by LSI, a Division of Chicago Title Insurance Co., as trustee for beneficiary Mortgage Electronic Registration System, Inc. solely as nominee for Greenlight Financial Services as Instrument No. 200600076980 of the Official Records of Solano County and now

owned by Specialized Loan Servicing, LLC is wholly unsecured by the Property within the meaning of 11 USC Section 506(a). **Decl, Exhibit "D."**

22. Debtor further prays that the entire amount of the Specialized Loan Servicing, LLC Second Deed of Trust be declared null and void as to the Property, effective upon completion of Debtors' Chapter 13 Plan.

23. Debtor prays that this Motion seeks to strip the C & L Associates, LLC Second Deed of Trust lien and to be valued at zero (0) for purposes of the Debtors' Chapter 13 Plan.

Dated: May 22, 2015

/s/ Geoffrey E. Wiggs
GEOFFREY E. WIGGS
ATTORNEY FOR DEBTOR